STATE OF LOUISIANA *v.* Slave BILL.

In the trial of slaves, Justices of the Peace do not act as jurors only, but as judges ; and under the plain provisions of the statute, they are competent, after a mis-trial, to sit again in the case, until the prosecution be at an end.

The decision in the case of the *State* v. *Ward*, re-affirmed, to the effect that the fact of a juror having made up his mind as to the punishment to be inflicted on the prisoner in case of a verdict of guilty, does not effect his competency.

APPEAL from the Magistrates' Court of the Ninth Ward of the Parish of Pointe Coupée. *John Yoist,* for State and appellee. *T. J. & W. H. Cooley,* for defendant and appellant.

VOORHIES, J. The appellant asks the reversal of the judgment of the inferior court, because he was not allowed to challenge for cause the two justices, who sat in the case, and two jurors.

I. He was twice tried by a special tribunal. The first time there was a mis-trial ; and, as on the second occasion the same Justices of the Peace were proceeding to try the case before another jury, he challenged these Magistrates on the ground, that they had already acted in the premises.

The Justices do not act as jurors only, but as judges, and it is now settled that, under the plain provisions of the statute, they are competent, after a mis-trial, to sit again in the case until the prosecution be at an end. *State* v. *Lethe et als.,* 9 An. 182 ; *State* v. *Hannah,* 10 An. 131 ; *State* v. *Peter,* 14 An. 521.

II. The question is next presented, whether the jurors who have made up their mind as to the punishment to be inflicted on the prisoner in case of a verdict of guilt, are disqualified or incompetent.

In the case of the *State* v. *The slave George,* 8 R. 538, the Court of Errors and Appeals held that this was a good ground for a challenge. At the Munroe term of 1859, the same question was raised in the cases of the *State* v. *Bennett,* and of the *State* v. *Ward.* In the former case, the court said : " Even if the decision in the case of the *State* v. *George* be applicable to freemen, and a person be incompetent as a juror, if he has formed an opinion as to the nature of the verdict, so far as the punishment is concerned, still the question was not properly put. The question, if admissible, ought to have been, whether he had formed such a deliberate opinion as to the nature of the punisment to be inflicted, in the event the prisoner was found guilty of murder, that it could not be affected or changed by the evidence."

The same question was raised on behalf of *Ward,* at the same term of the court. It was then decided, that an opinion formed as to the punishment to be inflicted, upon a hypothetical statement as to the guilt of the accused, did not disqualify a juror ; for it could not be seriously contended, that a juror, who has not formed the least opinion as to the merits of the prosecution, can stand otherwise than as an indifferent juror between the State and the defendant. " If," says the court, " the juror has not formed an opinion as to the guilt of the prisoner it is idle to inquire whether he has made up his mind as to the degree of punishment that should be awarded."

The opinion of the juror even as to the guilt of the prisoner, when his conclusions are based upon a hypothesis as to the real statement of the facts, does

not disqualify him, if otherwise he stands indifferent. The Supreme Court of New Jersey held, " that a hypothetical opinion, founded on the supposition that the facts detailed are true, is no cause of challenge." *Glover's* case, 2 Green, 195.

"It will be observed," says Wharton, " that some conflict exists as to the degree of bias necessary to exclude a juror, it having been held in New York, Iowa, and perhaps in Massachusetts, that the formation of an opinion based entirely on the assumption that a particular state of facts, as given by rumor, is correct, is adequate for that purpose ; while it is said in Connecticut, Virginia, North Carolina, Georgia, Alabama, Mississippi, Tennessee, Indiana and Illinois, that the formation of a hypothetical opinion, dependent on the existence of facts, concerning the truth of which the juror had come to no conclusion, is not sufficient cause for principal challenge, provided he believes that such hypothetical opinion left no bias on his mind, and that on the production of new facts, he will be entirely open to conviction." Wharton Cr. L., book ix, s. 3010.

But be this as it may, there is another objection to the position, that when a juror has made up his mind as to the punishment to be awarded, he is disqualified. The proposition is stated too broadly ; for, says Wharton :

" A challenge of a juror, because of his having formed and expressed an opinion on the question to be tried, can be made only by that party against whom it was so formed and expressed. It seems that the other cannot interpose." Cr. L., book ix, s. 3012 ; *State of Louisiana* v. *Bunger*, 14 An. 461 ; *State* v. *Benton*, 2 Dev. & Bat. 196.

Supposing, for instance, in a capital prosecution, the prisoner should challenge for cause, a juror, who has conscientious scruples against the death penalty, because he answers that he has made up his mind as to the nature or degree of punisment which he will award. It is evident that the objection, from such a quarter, will not be sustained. And in the absence of knowledge on the part of the court as to what are the conscientious scruples of the juror, it could not be taken for granted, that his opinion militates against the prisoner, from the mere fact of the existence of an indefinite opinion as to what should be the punishment awarded, in case a verdict of guilt be returned.

The above remarks show the propriety and correctness in the ruling of *Ward's* case. Indeed, the decision in the case of the *State* v. *George*, is practically overruled in the cases of *Ward* and of *Bennett ;* and, it would have been preferablè had the court so decreed, without reserving the point as to slaves. There can be no distinction between slaves and freemen in this respect; for when the jury has the discretionary right of commuting the punishment decreed by law, the competency of each juror, whether in the trial of slaves or of freemen, is to be determined in the same way, unless there be a special legislative enactment to the contrary.

But, in overruling the case of the *State* v. *George*, upon the authority of which the prisoner has rested his case in taking his bill of exceptions, the court must at the same time grant him relief. Otherwise, the defendant will be taken by surprise in a matter involving his life. He would otherwise have been more particular in taking before us his complaint as to the existence of a bias or prejudice in the breast of two of his judges. Justice, as well as humanity, dictates this course ; and we do so the more readily, that the extreme penalty of the law has been awarded, while upon a former trial the jury could not unanimously agree upon the fact of his guilt.

It is, therefore, ordered and decreed, that the judgment of the special tribunal be avoided and reversed ; and that this cause be remanded for a new trial in due course of law.

MERRICK, C. J., took no part in this case.