## OLIVER *vs.* THE STATE.

[INDICTMENT FOR OBTAINING MONEY BY FALSE PRETENSES.]

1. *Joinder of counts.*—In an indictment for obtaining money by false pretenses, if the false pretense is charged, in different counts, to have been made to "C. B. S. and C. L. S., who were at the time members of a mercantile firm of the name and style of S. & S.," to "C. B. S.," and to "C. B. S. and C. L. S.," there is no misjoinder of counts.

2. *Sufficiency of indictment in averring value of property.*—An averment in such indictment, that, by means of the false pretense charged, the

defendant obtained "sixty-five dollars in money," is sufficiently definite and certain, without an additional averment of the value of the money.

3. *Substance of proof in description of written instrument.*—An instrument of writing, purporting in its commencement to be an indenture between two parties, reciting that the party of the first part, for a valuable consideration, "has sold, and binds himself to deliver, to the said party of the second part, all of his present crop of cotton now planted or so much of it as will satisfy his indebtedness to the said party of the second part;" that "this conveyance is intended as a security for the payment" of a debt due from the party of the first part to the party of the second part, "which payment, if duly made, will render this conveyance void, and, if default be made in the payment of the above sum, then the said party of the second part, and his assigns, are hereby authorized to sell *his* certain crop of cotton, or as much of it as will pay all of his dues to the said party of the second part;" and signed and sealed by the party of the first part,—is sufficiently described in an indictment as a "deed of trust," and is admissible in evidence under that description.

FROM the Circuit Court of Pickens.

Tried before the Hon. A. A. COLEMAN.

The indictment in this case was in these words :

"The grand jurors of said county charge, that, before the finding of this indictment, James Oliver did falsely pretend to Cornelius B. Sanders and Charles L. Stone, who were at the time members of a mercantile firm of the name and style of Sanders & Stone, with intent to defraud, that he had satisfied a certain deed of trust, which William P. Richardson had or held upon the said James Oliver's cotton crop ; and that he, the said William Pinckney Richardson, had directed and given authority to him, the said James Oliver, to receive from the said Sanders & Stone the proceeds of said cotton crop, which was then in their hands; and, by means of such false pretense, obtained from the said Sanders & Stone the sum of sixty-five dollars in money ; against the peace and dignity," &c.

"The grand jurors of said county further charge, that, before the finding of this indictment, the said James Oliver did falsely pretend to Cornelius B. Sanders, with intent to defraud, that he, the said James Oliver, had satisfied a certain deed of trust, which he, the said James Oliver, had

made to one W. P. Richardson on the 15th day of May, 1857, upon the crop of cotton which he, the said James Oliver, had planted at the time said deed was made ; and that he, the said Oliver, was authorized by the said W. P. Richardson to receive from him, the said Cornelius B. Sanders, the proceeds of the sale of the said cotton crop, which was, at the time of said false pretense, in the hands of the said Cornelius B. Sanders ; and, by means of such false pretense, obtained from the said Cornelius B. Sanders the sum of sixty-five dollars in money, being part of the proceeds of the said cotton crop so in the hands of the said Sanders ; against the peace and dignity," &c.

"The grand jurors of said county further charge, that, before the finding of this indictment, the said James Oliver did falsely pretend to Cornelius B. Sanders and Charles L. Stone, with intent to defraud, that he had satisfied a certain deed of trust, made by him, on the 15th day of May, 1857, to one W. P. Richardson, upon the crop of cotton which he, the said James Oliver, had planted at the time said deed was made, and that he, the said James Oliver, was authorized by the said W..P. Richardson to receive from them, the said Cornelius B. Sanders and Charles L. Stone, certain proceeds of the sale of said cotton crop, which they had in their hands : and, by means of such false pretense, obtained from the said Cornelius B. Sanders and Charles L. Stone the sum of sixty-five dollars in money ; against the peace and dignity," &c.

The defendant demurred to the indictment—"1st, because the money is not charged to be the property of any person ; 2d, because there is no value charged as to the money ; 3d, because it is uncertain whether the defendant is charged with a felony or not ; 4th, because there is a double issue presented in each count ; 5th, because there is a special pretense without a special breach ; 6th, because there is a misjoinder of counts and offenses ; and, 7th, because the indictment is uncertain and obscure." The court overruled the demurrer, but the record does not show that the defendant reserved an exception to its decision.

Oliver v. The State.

"On the trial," as the bill of exceptions states, "the State offered in evidence an instrument of writing, which had been duly proved and recorded according to law, and of which the following is a copy : "This indenture, made the 15th day of May, 1857, between James Oliver, of the first part, and W. P. Richardson, of the second part, (all of the State of Alabama, and county of Pickens,) witnesseth, that the said party of the first part, for and in consideration of the sum of one hundred and seventy-eight 25-100 dollars, to him duly paid in hand, has sold, and binds himself to deliver, to the said party of the second part, all of his present crop of cotton now planted, or so much of it as will satisfy his indebtedness to the said party of the second part. This conveyance is intended as a security for the payment of one hundred and seventy-eight 25-100 dollars, on the 25th day of December, 1857 ; which payment, if duly made, will render this conveyance void; and if default be made in the payment of the above sum, then the said party of the second part, and his assigns, are hereby authorized to sell his certain crop of cotton, or so much of it as will pay all of his dues to the said party of the second part, with costs and expenses allowed by law. In witness whereof, I have hereunto set my hand and seal.' (Signed) 'James Oliver.' '[Seal.]' The defendant objected to the introduction of said paper as evidence to the jury, but the court overruled his objection ; and he excepted."

W. R. SMITH, for the prisoner.—1. The indictment is defective, in the several particulars which were assigned as grounds of demurrer. It charges a special pretense, but assigns no breach of that pretense. It does not charge the ownership of the money ; and *non constat* but that it was the property of the defendant himself. It does not charge the value of the money, and, therefore, leaves it uncertain whether any offense was committed. It charges the false pretense to have been made to different persons, and the money to have been obtained from different persons ;. and presents as plain a case of misjoinder, as if it alleged in

different counts, a larceny from A and a larceny from B, or an assault and battery on A and an assault and battery on B.

2. The term "deed of trust," as used in the indictment, must be construed in its legal sense. In a technical deed of trust there must be a trustee. The paper read in evidence conveyed no legal title to any one, and only gave Richardson power to sell *his own* cotton. The crop planted was a mere expectancy, and could not become Richardson's until actually delivered.

M. A. BALDWIN, Attorney-General, *contra*, cited *Johnson v. The State*, 29 Ala. 62 ; *O'Connor v. The State*, 30 Ala. 9 ; *People v. Stetson*, 4 Barbour, 151.

STONE, J.—The indictment in this case contains three counts, each of which is a substantial compliance with the form furnished in the Code,—form No. 35, page 702. The only difference in the three counts consists in the designation of the person to whom the false pretense was made. The varying averments in the several counts, in this regard, were evidently inserted to meet every possible phase of the proof, as the same might arise. The averment of *the person* to whom the false pretense was made, was part and parcel of *the means* by which the offense was committed. The counts are severally good.—*Lowenthall v. The State*, 32 Ala. 589.

We have frequently held, that two or more counts might be joined in the same indictment, each of which charged a distinct felony, if the offenses were of the same character, and subject to the same punishment.—*Johnson v. The State*, 29 Ala. 62.; *Cawley v. The State*, at the present term. The demurrer for misjoinder was properly overruled.—*Scott v. The State*, at the present term.

[2.] Money is, itself, a measure of value ; and that value cannot be rendered more definite by an averment of its value. The phrase "sixty-five dollars in money," has a defined meaning, which is not rendered more clear by the superadded expression, *worth sixty-five dollars*,

[3.] The instrument read in evidence was sufficiently described as "a deed of trust."—*Price v. Masterson,* 35 Ala. 393.

The judgment of the circuit court is affirmed,

