[Crim. No. 465.   Department One.—January 13, 1899.]

THE PEOPLE, Respondent, v. T. F. A. SKIDMORE, Appellant.

CRIMINAL LAW—OBTAINING NOTE BY FALSE PRETENSES—CARELESSNESS OF SIGNER.—The offense of obtaining the signature of a defrauded person to a promissory note under the false pretense and representation that he was then signing an application for a policy of insurance on his life, and by deception in moving and manipulating said papers, is against the public, and not against the person defrauded; and the mere carelessness of such person in signing the note is not a material element in the case.

ID.— PRESTIDIGITATION — EXCHANGE OF PAPER — NEGLIGENCE NOT IMPUTED.—Prestidigitation, or juggling, having been practiced in the exchange of the note for the application, which the defrauded person believed he was signing, lack of care or gross negligence cannot be imputed to him in signing the note, under the false pretense and representation that he was signing the application.

ID.—CONSTRUCTION OF PENAL CODE—"PROPERTY"—PROMISSORY NOTE.— A promissory note is "property," within the meaning of section 532 of the Penal Code, defining the offense of defrauding a person of money or "property," designedly by false or fraudulent representations or pretenses.

ID.—SUFFICIENCY OF INFORMATION—OWNERSHIP OF PROPERTY.—An information setting forth all the facts in detail upon a charge of obtaining the signature to a note of a defrauded person named under false pretenses specified, and stating the value of the note and setting out a copy thereof purporting to be signed by such person, sufficiently shows the ownership of the property in the person defrauded, as fully as though there were a direct allegation in the pleading to that effect, and the absence of such direct allegation is not fatal to the information.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.   E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Joseph H. Skirm, for Appellant.

W. F. Fitzgerald, and W. H. Anderson, Assistant Attorney General, for Respondent.

GAROUTTE, J.—Section 532 of the Penal Code reads: "Every person who knowingly and designedly by false or fraud-

ulent representation or pretenses defrauds any other person of money or property . . . . is punishable in the same manner and to the same extent as for larceny of the money or property so obtained." Under this section of the law the defendant was charged by information with the commission of a felony, and pleaded guilty to the charge. He now appeals from the judgment upon the ground that the information does not state a public offense. The gist of the information is that the defendant, by false and fraudulent representations and pretenses, defrauded M. Righetti out of a promissory note of the value of two hundred and seventy-seven dollars and sixty-nine cents. A copy of this note is set out in the information, and is signed Michael Righetti. The information has been carefully drawn, and the facts of the transaction are set forth in detail. We quote the following allegation: "Said Skidmore then and there represented and pretended to said Righetti that he, said Righetti, was then and there signing an application for insurance on his, said Righetti's, life, and an option on taking said policy applied for, but in truth and in fact, by some fraudulent pretense or deception of said Skidmore in moving and manipulating said papers, the signature of said Righetti was obtained to said promissory note."

It is first claimed that the representations made by defendant to Righetti were statements, the falsity of which Righetti could have detected by an ocular inspection of the instrument which he signed. That Righetti's carelessness in signing this note is a material element in the case is not apparent, for the offense is committed against the public, and not against him. The guilty party is prosecuted in the interest of the people of the state, and not in the interest of the party defrauded. Yet, even conceding, for present purposes alone, that lack of care or gross negligence upon the part of the party defrauded might in some cases defeat the conviction of the party charged, we do not have that case before us, for here prestidigitation was practiced. It was a case of juggling, and it does not appear but that the most careful and wary likewise would have been defrauded. The very recent case of *People v. Summers* (Mich. 1898), 73 N. W. Rep. 818, upon its facts is quite similar to the

case at bar, and the conclusion there declared is opposed to appellant's contention. ·

It is also insisted that the promissory note in this case was not property in the sense of the word as used in the aforesaid section of the Penal Code. The Summers case cited decides to the contrary. It is also expressly held to the contrary in the case of *People v. Reed,* 70 Cal. 529. It is further claimed that there is no allegation that the note was the property of any particular individual. In this behalf it is sufficient to say that all the facts of the transaction are set out in detail. Conceding in many cases the materiality of an allegation to the effect that the property obtained by the fraud was the property of the party defrauded, yet the absence of such an allegation in a case like the present is not fatal to the pleading, for the facts here set out show the ownership of the note as fully as though there was a direct allegation in the pleading to that effect. There is no merit in the appeal.

Judgment affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.