DAVID McCLINTOCK V. STATE OF NEBRASKA.

FILED APRIL 3, 1915.    No. 18919.

1. **False Pretenses:** INDICTMENT: SUFFICIENCY. An indictment for obtaining money by false pretenses is not fatally defective merely because the ownership of the money is not alleged in direct terms, if that fact is clearly shown by the indictment as a whole.

2. ———: PLEADING AND PROOF. Under an indictment charging that accused obtained money by falsely pretending that he was the owner of specifically described property, proof that he did not then own such property is essential to a conviction.

ERROR to the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed.*

*E. D. Kilbourn,* for plaintiff in error.

*Willis E. Reed, Attorney General, Charles S. Roe,* and *Lyle E. Jackson, contra.*

ROSE, J.

Defendant was convicted of obtaining money by false pretenses, and for that offense was sentenced to serve in the penitentiary a term of not less than one nor more than five years. As plaintiff in error he presents for review the record of his conviction.

The Royal State Bank gave defendant a credit of $1,498.45, December 8, 1911. The money was paid out on his check December 11, 1911. For the sum named he executed in favor of the bank a note and a chattel mortgage December 18, 1911. In the indictment it is charged that he obtained the money by false pretenses. It is argued that the indictment is fatally defective in failing to charge that the money obtained was the money of the Royal State Bank. After specifically charging false pretenses the indictment proceeds: "Relying upon said false representations of said David McClintock, the said Royal State Bank, by and through said R. L. Drayton, its cashier aforesaid, then and there loaned said David McClintock the sum of

McClintock v. State.

$1,498.45." It is further charged that defendant made the false representations "with intent to cheat and defraud said Royal State Bank." While the ownership is not stated in direct terms, the indictment as a whole shows that the money obtained belonged to the Royal State Bank. Authority is divided, but the modern view, the rule subserving the ends of justice without prejudicing accused, is that the failure to allege in direct terms the name of the owner of the property obtained by false pretenses is not a fatal defect, if the indictment as a whole clearly discloses that fact. *State v. Knowlton,* 11 Wash. 512; *Griggs v. United States,* 158 Fed. 572; *State v. Balliet,* 63 Kan. 707; *People v. Skidmore,* 123 Cal. 267; *State v. Boon,* 49 N. Car. 463. The conviction will not be reversed for informality in the indictment.

Insufficiency of the evidence to sustain the conviction is also urged as a ground for setting aside the judgment. The indictment specifically charges that defendant falsely pretended to be the owner of 64 definitely described steers, and that they were in the possession of Joe Steinker in Antelope county. It is further charged that, relying on both of these false representations, the Royal State Bank loaned defendant $1,498.45. In an instruction the trial court required proof beyond a reasonable doubt that defendant, when he made the representations, was not the owner of the steers. There is no evidence in the record that defendant, when he made the representations, or when he obtained the credit, or when he drew out the money, or when he executed and delivered the note and chattel mortgage, did not own the steers described in the indictment. It is clear, therefore, that the verdict of guilty is not supported by the evidence and that it is contrary to the instruction of the court. For these reasons, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON and FAWCETT, JJ., not sitting.