## E. M. MIDGLEY v. STATE.

No. A-4570.   Opinion Filed Jan. 31, 1925.
(232 Pac. 967.)

(Syllabus.)

1. **False Pretenses—Information not Fatally Defective for Failure Directly to Allege Ownership of Property.**   An information based on section 2145, Comp. St. 1921, which defines the offense obtaining property under false pretenses, is not fatally defective because the ownership of the property obtained is not alleged in direct terms, if that fact is clearly shown by the information.

2. **False Pretenses—Obtaining Extension of Note not Obtaining Property by False Pretenses.**   The obtaining of an extension of credit upon a note or an extension of indebtedness is not sufficient to constitute the crime of obtaining property by false pretenses.

Appeal from District Court, Le Flore County; E. F. Lester, Judge.

E. M. Midgley was convicted of obtaining money by false pretenses, and he appeals.   Reversed.

Neal & Neal, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J.   Several assignments of error are presented for the reversal of this case, it being first contended that the amended information on which plaintiff in error was tried is insufficient, in that it fails to allege unequivocally the ownership of the property charged to have been obtained by the false pretenses set out as the basis of the amended information.   Numerous authorities are cited to the effect that it is necessary to state to whom the property belonged.   The amended information does not in direct terms aver the ownership of the property.   This court in the case of Fuller v. Ter., 2 Okla. Cr. 86, 99 P. 1098, upheld an information in practically the same language as the information in this case.

It has been held in other jurisdictions that it is not **a** fatal defect to fail to allege the ownership in direct terms, if the indictment or information as a whole clearly discloses that fact. State v. Knowlton, 11 Wash. 512, 39 P. 966; Griggs v. U. S., 158 F. 572, 85 C. C. A. 596; State v. Balliet, 63 Kan. 707, 66 P. 1005; People v. Skidmore, 123 Cal. 267, 55 P. 984; State v. Boon, 49 N. C. 463; McClintock v. State, 98 Neb. 158, 152 N. W. 378; People v. Monroe, 64 App. Div. 130, 71 N. Y. S. 803. See, also, in this connection Douglas v. State, 15 Okla. Cr. 648, 179 P. 947; Bennett v. State, 21 Okla. Cr. 27, 204 P. 462.

The plaintiff in error requested the following instruction:

"You are instructed that the term 'valuable thing' as used in these instructions means some physical thing of value, and not the extension of credit or the renewal of credit already extended."

The court, upon this point, gave this instruction:

"If you believe from the evidence, beyond a reasonable doubt, that the defendant * * * did obtain from the Le Flore County Bank, a corporation, the sum of $270, interest on $5,400 from January 7, 1921, to June 7, 1921, or a certain promissory note bearing date of January 7, 1920, for the sum of $2,500, by then and there falsely and designedly representing * * * that he was then and there the owner of, etc., * * * and that by reason of said false representation said bank surrendered to said defendant as aforesaid the note * * * or extended to him credit to the amount of $270, interest on said note of $5,400, or either of them * * * it will be your duty to convict the defendant."

This is equivalent to instruction to the jury that the extending of credit in the amount of $270 upon the note described would be sufficient to constitute the offense, *or* the surrender of the $2,500 note would be sufficient to constitute the offense.

As shown by the evidence, the plaintiff in error on January 7, 1921, mortgaged to the Le Flore County National

Bank 264 head of cattle to secure a note then executed by the plaintiff in error to said bank in the sum of $5,400. This was to take up some $3,500 worth of his own notes and a $2,500 note signed by plaintiff in error and others, on which there had been a payment made, and in said note of $5,400 there was included $270 interest on said note for six months in advance. The plaintiff in error got no money nor money credit. He merely increased his indebtedness $270.

This is not sufficient to constitute the crime charged. It is essential that money or property be obtained, and this the proof does not show. See Foster v. State, 15 Okla. Cr. 216, 175 P. 944.

For the reasons assigned, the cause is reversed.

BESSEY, P. J., and DOYLE, J., concur.