PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MAXIMINO FERRER BARRETO, Defendant and Appellant.

No. 4819.   Argued June 17, 1932.—Decided July 29, 1932.

*Maximino Ferrer Barreto, in pro per.,* for appellant.   R. A. Gómez, Fiscal, for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Maximino Ferrer Barreto was charged with the crime of obtaining money by false pretenses and convicted, first in the Municipal Court of San Juan, and later, after a trial *de novo,* in the District Court of San Juan, which sentenced him to one year in jail.   The defendant took an appeal from that judgment to this Court, and he has filed a writing wherein he confines himself to denouncing certain police officers, with-

out raising any legal question. In view of the fact that the defendant has appeared in person, without the assistance of counsel, we shall examine the complaint and the evidence in order to determine whether any error has been committed by the lower court justifying a reversal of the judgment.

To constitute the offense of obtaining money by false pretenses, five necessary elements must appear, viz:

1. Intent to defraud.
2. Actual defrauding.
3. The false representation must have been used for perpetrating the fraud.
4. Knowledge by the defendant of the falsity of the representation.
5. Reliance by the owner of the property on the false pretense, which must be the cause inducing him to part with the property.

In the instant case, the first part of the complaint follows the language of the statute, charging that the defendant wilfully, maliciously, with criminal intent, and making use of false and fraudulent representations, cashed a check for the sum of $8.50 in the store of Manuel Rivera stating that he had been sent by Bolívar Pagán, all of which was false, thereby defrauding Rivera of the said sum. It would have been better if the falsity of the check had been positively averred in the complaint by saying that said check, which appeared to have been drawn by Bolívar Pagán was never signed by him, and the defendant, knowing its falsity, attempted to pass and did pass it as good; but in the absence of a demurrer to the complaint this omission is not a fatal defect, if the averments are taken as a whole. In *People* v. *Millán*, 106 Cal. 320, 39 Pac. 605, the Supreme Court of California held that an information for obtaining money by fraud which fails to directly allege that the defendant knew the representations made by him to be false, is demurrable but not fatally defective. In said case, the defendant did not demur, and the court held that the information, taken as

a whole, was sufficient to support the verdict and the judgment.

As we have seen, the complaint herein charges that the defendant defrauded Rivera of the said sum of $8.50. It charges criminal intent, false and fraudulent representations, and the perpetration of the fraud. The accusation should state who was the owner of the property obtained by the false pretense. *People* v. *Flores,* 33 P.R.R. 764. Some authorities maintain that it should be specifically alleged that the property belongs to the defrauded party, either as owner or as agent of another person. Other authorities hold that the ownership need not be set out by direct averment if facts are stated which clearly show who is the owner of the property so obtained. In *People* v. *Skidmore,* 123 Cal. 267, 55 Pac. 984, the Supreme Court of California conceded that in many cases it is essential to allege that the property obtained by fraud belonged to the party defrauded, but expressed the opinion that the absence of such allegation is not fatal where the facts alleged show the ownership as fully as though there were a direct allegation to that effect. In the instant case it is alleged that the defendant cashed a check for $8.50 in the store of Manuel Rivera Terón, thereby defrauding Rivera of that amount. It is our opinion that it can be inferred from the complaint that the amount so obtained belonged to Rivera, and that even though the allegation is defective, it should not necessarily be considered as fatal in the absence of a demurrer.

The accusation should allege that the defrauded party believed the false pretense to be true. However, the averment that the defrauded party was induced by the false pretense to part with his property necessarily implies that he believed said pretense to be true, even though the accusation does not set it out specifically. *Norris* v. *State,* 25 Ohio, St. 217; 18 Am. Rep. 291; *State* v. *Penley,* 27 Conn. 587; *People* v. *Jacobs,* 35 Mich. 36. A specific allegation is not necessary where the connection between the false pretense and the obtaining of the property appears from the complaint. In

*State* v. *Hinshaw,* 142 Pac. 960, the Supreme Court of Kansas said:

"It was not necessary that the information should allege in so many words that Parsons parted with his property believing that the check was good, or relying on representations that it was good.

" 'An allegation that "by means of the false pretense," or "relying on the false pretense," or the like, is sufficient where it is apparent that the delivery of the property was the natural result of the pretense alleged.' 19 Cyc. 430.

" 'It is not necessary to allege specifically that prosecutor relied on the pretense, if the connection between the pretense and the obtaining is otherwise sufficiently shown by the indictment . . . . An averment that defendant obtained the property by means of the false token is sufficient.' Notes, 19 Cyc. 431.''

In the instant case it is alleged that the defendant, by means of false and fraudulent pretenses, cashed a check for the sum of $8.50, defrauding Rivera of the said sum. We are of opinion that the connection between the false pretense and the obtaining of the property has been established, although we admit that a clearer drafting of the allegation would have been more desirable. It seems to us that it appears on the face of the complaint that Rivera would not have parted with the property had he not believed the pretense to be true.

We think that the complaint, taken as a whole, is sufficient to support the judgment of the court below. The essential elements of the crime of obtaining property by false pretenses demand that the accusation be drawn with due care. However, this Court has repeatedly held that the same strictness is not required in complaints presented in the inferior courts charging misdemeanors, as in informations filed in the district courts charging felonies. *People* v. *Cordero,* 27 P.R.R. 305; *People* v. *Aranda,* 12 P.R.R. 302; *People* v. *Bonilla,* 13 P.R.R. 41; *People* v. *Fontana,* 16 P.R.R. 626; *People* v. *Muñoz,* 22 P.R.R. 356. The complaint, such as it is, contains no substantial defects which might prejudice the rights of the accused, and the essential elements of the

offense having been established by the evidence, this Court should not interfere to reverse the judgment of the court below.

It appears from the evidence introduced that the defendant went to the store of Manuel Rivera Terón with a check payable to the bearer and stated that he had instructions from Bolívar Pagán to cash said check. The owner of the store, Manuel Rivera Terón, directed him to ask Bolívar Pagán to indorse the check. The defendant departed and came back later with another check drafted in different terms, payable to Bolívar Pagán and signed by Bolívar Pagán, without any indorsement. Rivera told the defendant that the indorsement was missing. The defendant called his attention to the fact that the name of Bolívar Pagán appeared on the check. Rivera cashed the check with the idea of sending it to Bolívar Pagán for indorsement. The check was issued against the Bank of Nova Scotia. Rivera paid the defendant the amount of $8.50. The said Rivera testified that Bolívar Pagán denied his having signed the said check, that he was called to police headquarters where he identified the defendant, from whom fifteen or twenty other checks were seized, all of them with Bolívar Pagán's signature thereon. Bolívar Pagán testified that he did not authorize the defendant nor any other person to sign that check, and that the signature was not genuine. The defendant testified that he did not know either Bolívar Pagán or Rivera; that he had never been in the latter's store; that he did not know why he had been prosecuted; and that he lacks the finger of his right hand which is the one most used in writing.

Such is the evidence introduced in this case. The lower court weighed the evidence for the prosecution, gave credence thereto, and found the defendant guilty. As we have seen, the defendant told Rivera that he had been instructed by Bolívar Pagán to cash the check, and testified at the trial that he did not know Bolívar Pagán. The defendant also denied having ever been at the store of Rivera, by whom he

was identified as the person who brought him the check, assuming to act for Bolívar Pagán. A number of checks bearing what purported to be the signature of Bolívar Pagán were also found in the defendant's pocket. This evidence, as weighed by the court below, is in our opinion sufficient to show the defendant's guilt and to support the judgment rendered in this case.

The judgment appealed from must be affirmed.