## S. G. SMITH v. STATE.

No. A-699.   Opinion Filed April 10, 1912.

(122 Pac. 732.)

1.   **FALSE PRETENSES—Elements—Cause of Loss.** It is not nec-
essary that the false pretense should be the sole inducement
which moved the prosecutor to part with his money. It is suffi-
cient if it materially contributed to this end, and that without
the false pretense he would not have parted with his money.

2.   **SAME—Sufficiency of Evidence.** Section 6837, Comp. Laws 1909,
of our Criminal Procedure provides that, in a prosecution for ob-
taining money by false pretense, the defendant cannot be con-
victed if the false pretense was expressed in language alone, un-
less the pretense be proven by the testimony of two witnesses, or
that of one witness and corroborating circumstances. Held, that
under the evidence in this case the testimony of the prosecutor
was not sufficiently corroborated.

(Syllabus by the Court.)

*Appeal from District Court, Pittsburg County;*
*A. T. West, Judge.*

S. G. Smith was convicted of false pretenses, and appeals.
Reversed.

*J. H. Wilkins* and *Arnote & Monk,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen.,
and *E. G. Spilman,* Asst. Atty. Gen. (*R. E. Gish,* of counsel), for
the State.

DOYLE, J.   The plaintiff in error was indicted in the court
below for obtaining $10 by false pretenses, and on his trial was
found guilty by the jury and his punishment assessed at six
months' confinement in the county jail. October 14, 1909, judg-
ment and sentence was entered accordingly. From the judgment
defendant appeals. The allegations in the indictment are that
the defendant induced Landes Bros. to cash a check for $10, ex-
ecuted by one Harry Hamilton, by falsely and fraudulently rep-
resenting that said Hamilton had the money on deposit with the

People's State Bank at Kingfisher. The check was also indorsed by the defendant.

Of the numerous assignments of error, it is only necessary to discuss the question whether the evidence sufficiently proves the offense charged in the indictment.

It is claimed by the defendant that it does not. In our opinion this contention is well founded. It appears from the evidence that the defendant presented the check to one R. L. Landes, and asked him to cash it; that Landes told the defendant that he did not care to cash the check. Thereupon the defendant told Landes that the maker of the check was all right, and that he had the money in the bank at Kingfisher, and was a merchant there, and that the defendant would indorse the check, and that his indorsement in itself would make the check good. Landes then cashed the check. It further appears that the check was never presented to the bank; that payment thereon was never demanded except from the defendant; that Landes, having heard the check was no good, demanded of the defendant by reason of his indorsement thereon that he return the $10; and that defendant paid to Landes the money so received on the check. The prosecuting witness Landes testified that he would not have cashed the check without the defendant's indorsement thereon, and the fact that he demanded and received from the defendant the money paid on the check, without attempting to collect it from the bank, tends to show that he parted with his money without relying upon the representations made by the defendant.

While it is not necessary that the false pretenses should be the sole inducement which moved the prosecuting witness to part with his money, it is necesary to show that they materially contributed to that end, and that without such false pretenses he would not have parted with his money. The defendant requested an imperfect instruction to this effect, which the court refused to give.

In the case of *Taylor v. Territory,* 2 Okla. Cr. 1, 99 Pac. 628, this court said:

"While it is a rule approved by this court that, where there is any evidence to support a conviction, or where the evidence is

conflicting, this court will not review the record for the purpose of ascertaining or determining the weight or sufficiency of the evidence, and, ordinarily, the verdict approved by the trial court will be allowed to stand, a case of this character, however, is exceptional. We have carefully examined and fully considered all of the testimony, as shown by the record, and we are of opinion that the evidence is not sufficient to sustain the verdict. In order to justify a conviction upon a trial of an indictment for false pretenses, it must appear that the prosecutor parted with his money by reason of some of the pretenses set forth in the indictment, or, if not solely by reason of such pretenses, that they at least materially influenced his action. In the absence of evidence that the prosecutor relied upon the pretenses charged, the essential averment in such an indictment (that the defendant obtained the money by reason thereof) would not be supported; and, while it is not necessary that this fact should be shown by direct proof, it is competent to establish it by direct declarations of the prosecutor, and, in the absence of direct proof, it may be inferred from the facts and circumstances proved. Under our statute, it is necessary, before the defendant can be convicted, where the false pretense was expressed in language alone, that it be proven by the testimony of at least two witnesses, or of one witness and corroborating circumstances."

Section 6837 (Comp. Laws 1909) of Criminal Procedure provides, in prosecutions for false pretenses, that:

"Upon a trial for having, with an intent to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person any money, personal property or valuable thing, the defendant cannot be convicted if the false pretense was expressed in language unaccompanied by a false token or writing, unless the pretense, or some note or memorandum thereof, be in writing either subscribed by, or in the handwriting of the defendant, or unless the pretense be proven by the testimony of two witnesses, or that of one witness and corroborating circumstances. But this section does not apply to prosecution for falsely representing or personating another, and in such assumed character, marrying or receiving money or property."

Applying the test which the statute prescribes, the pretenses alleged were not sufficiently corroborated.

For the reasons stated, the judgment is reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.