ED HARTWELL v. STATE.

No. A-2899.     Opinion Filed January 18, 1919.

(177 Pac. 383.)

WITNESSES — Impeachment — Contradictory Statement — Collateral Matters. A witness may not be impeached on any matter collateral to the matter in issue with a view to eliciting from such witness an admission at variance between former statements and those testified to on the trial. Where, however, the matter inquired about is relevant to the issue in the cause, and the witness denies having made a statement material thereto, such statement. if contradictory to his testimony given on the trial. may be shown to impeach him.

*Appeal from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

Ed Hartwell was convicted of larceny of live stock, and sentenced to serve two years in the state penitentiary, and appeals. Reversed and remanded.

*McPherren & Cochran* and *Geo. F. Deck,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal. from the district court of Bryan county, wherein the defendant was convicted of the crime of larceny of live stock, and sentenced

to serve a term of two years' imprisonment in the state penitentiary.

Among other assignments of error relied upon to reverse this judgment of conviction, is the following: That the court erred in refusing to permit the defendant to prove that the witness F. B. Mitchell had stated to several witnesses, about the time of the disappearance of the Logsden cow, that that old cow would not bother them any more, and in which he said, "Say, boys, you haven't seen that old cow around here lately, have you?" to which they answered, "No," and to which he replied that they would not see her any more; "I have taken care of her."

If the proffered testimony that the witness Mitchell had admitted to the other witnesses in substance and effect that he had done away with the cow that the defendant was alleged to have stolen was material to the issue then being tried, it is apparent that the refusal of the trial court to permit the impeachment of the witness Mitchell on this subject was erroneous. In order to determine the materiality of this proposed impeaching testimony, it is necessary to review some of the evidence affecting the issues presented.

The evidence on the part of the state disclosed that one Logsden was the owner of a dark brown cow about five or six years old, which had been permitted to wander on the range in the vicinity of the town of Platter, in Bryan county, Okla., during the summer of 1915; that along about the 20th of August, 1915, said cow disappeared, and the owner Logsden, offered a reward of $20 for her return, or, if stolen, for the conviction of the person who had taken her.

In November, 1915, the defendant was arrested and charged with the larceny of this particular animal. His ar-

rest was occasioned largely by the disclosures of the witness F. B. Mitchell, who had theretofore informed Logsden that the defendant, Hartwell, had admitted to him, Mitchell, that he had stolen such cow.  In addition to the alleged extrajudicial confession of the defendant made to Mitchell, the state also introduced evidence to the effect that the defendant had driven a cow, answering the description of Logsden's cow, to the city of Durant, and had there sold said animal to a butcher for the sum of $40, the trip having been made by foot and in the nighttime.  The facts and circumstances testified to by the state's witnesses, considered together with the extrajudicial confession of the defendant, are ample and sufficient to sustain this conviction.

If the defendant was not permitted to have the jury consider all the evidence relevant to the defense interposed, then that fair and impartial trial which was guaranteed to him under the Constitution and laws of this state was not afforded.  The defense interposed was twofold:  First, the defendant offered evidence to show that the cow which he admitted to have sold to the butcher in Durant was an animal which he had obtained in a trade from his mother; second, in order to explain the absence of Logsden's cow, he also introduced evidence to show that the witness F. B. Mitchell had likely shot and killed Logsden's cow when trespassing upon his (Mitchell's) corn crop during the summer of 1915.

The trial court permitted the witness Mitchell to be cross-examined as to the shooting of Logsden's cow, and also permitted said witness to be examined as to his interest in obtaining the reward offered for the conviction of the defendant.  Said witness Mitchell was also cross-examined as to his statements relative to having done away

with the Logsden cow, which statements he denied making at the times and places and to the witnesses referred to in the impeaching questions. Subsequently the defense introduced such impeaching witnesses, and propounded to them, in substance and effect, the same questions relative to the alleged conversations with Mitchell concerning his having done away with the Logsden cow which had previously been asked of Mitchell. The court excluded, upon objection by the state, this evidence, and counsel for the defendant thereupon offered to prove by said witnesses that such statements were made by the witness Mitchell at the times and places referred to in the question.

It has been repeatedly held by this court that a witness may not be impeached on any matter collateral to the matter in issue with a view to eliciting from such witness an admission at variance between former statements and those testified to on the trial. *Payne v. State,* 10 Okla. Cr. 314, 136 Pac. 202; *Watson v. State,* 7 Okla. Cr. 597, 124 Pac. 1101.

It is equally true, however, that where a matter is relevant to the issue in the cause, and the witness denies having made a statement material thereto, such statement, if contradictory to his testimony given on the trial, may be shown to impeach him.

In this case, the state contends that this is an attempt to introduce in evidence a purported extrajudicial confession made by the witness Mitchell, and that it is never competent as a part of the defense to introduce proof which has for its purpose the establishing of the fact that some other person has confessed that he has committed the crime, and that the defendant had nothing to do therewith, citing the cases, *Dykes v. State,* 11 Okla. Cr. 602, 150 Pac. 84, and *Williams v. State,* 13 Okla. Cr. 189, 163 Pac.

279.   The doctrine established by the decisions in those cases is not applicable to this.   The purpose of offering this testimony was to impeach the witness Mitchell and to affect his credibility before the jury.   Said witness was a very important witness for the state—he was the only witness who attempted to detail any evidence showing an admission or confession on the part of the defendant to the crime.   He was interested in the collection of the reward offered by Logsden for the conviction of the thief. It was certainly competent for the defendant to show, not only the interest of the witness Mitchell in his, defendant's conviction, but also to show to the jury the fact, if it was true, not only that the witness Mitchell had shot the cow that defendant was alleged to have stolen (an overt act on Mitchell's part), but also that he admitted, on different occasions along about the time the cow was alleged to have been stolen, that he, Mitchell, had done away with her, and that she would not be found bothering anybody in the future.   None of the witnesses who testified to having seen Mitchell shoot Logsden's cow knew what was the final effect of such shots; the only evidence the defendant was able to offer on the subject of the effect of such shots was the statements of Mitchell, made to these witnesses a short time after the alleged shooting of the cow.   If Mitchell had done away with the cow by shooting her, certainly the defendant could not be guilty of stealing her, and such evidence was competent to be admitted to the jury to rebut the presumption arising from Mitchell's testimony as to the confession of defendant, and from the other facts and circumstances testified to by state's witnesses.   The defendant was not compelled to rely solely upon his defense that the cow sold by him in Durant was an entirely different cow from that lost by Logsden, but he had a right also to present to the jury any circumstances

which tended to explain or account for the loss of Logsden's cow. He had a right, not only to offer proof that . the witness Mitchell had shot Logsden's animal, but also to follow up said proof by showing, after the witness Mitchell had denied it on cross-examination, that said witness had admitted that he had done away with Logsden's cow for trespassing upon his, Mitchell's, crop..

We take the view, therefore, that this evidence was material and relevant to the matter in issue in this cause, and that the court erred in refusing to permit defendant to impeach the witness Mitchell by showing such contradictory statements and admissions. This was a closely contested case. The evidence given by the defendant and other witnesses in his behalf, if believed by the jury, entitled him to be acquitted. Without the testimony of the witness Mitchell as to the confession of the defendant that the cow he sold in Durant was Logsden's cow, there is very little proof of the identity of the cow sold by defendant with the one lost by Logsden, and it is apparent that without the evidence of Mitchell, the jury would have very little evidence of the fact, if it were a fact, that the cow sold to the butcher by the defendant and the one lost by Logs-. den were one and the same animal. The importance, therefore, of impeaching the witness Mitchell by statements out of court variant to those made in court, which were material to the matter in issue in the cause, is very evident. We deem the error of the court in refusing to permit this impeachment to be such as to·render a reversal of this judgment compulsory.

Other errors are complained of, but an examination of the record convinces the court that the same are without substantial merit.

For the reasons stated, the judgment is reversed, and the cause remanded.

DOYLE, P. J., and ARMSTRONG, J., concur.