## D. R. IRETON v. STATE.

No. A-4605. Opinion Filed Feb. 28, 1925.
(233 Pac. 771.)

(Syllabus.)

1. **False Pretenses—Allegation in Express Terms that False Pretenses Induced Person to Part with Money not Essential.** In a prosecution for obtaining money by false pretenses, it is not essential to allege in express terms that by reason of the false pretenses the person defrauded was induced to part with money. It will be sufficient on this point if it be alleged in words of similar import.

2. **Same—Allegation of Facts from Which Ownership of Money Inferred Held Sufficient.** In an information charging a defendant with obtaining money by false pretenses, it is not necessary that there be a direct allegation of the ownership of the money obtained. It will be sufficient on this point if facts are alleged from which the ownership can be inferred.

3. **Same—Information not Fatally Defective for Failure to Allege Causal Connection Between Pretense and Obtaining Money and in Failing to Show Deception Practiced.** An information charging a defendant with obtaining money by false pretenses and alleging the representation, its falsity, the reliance thereon, and the obtaining of money thereby, is not fatally defective in failing to allege the causal connection between the pretense and the obtaining of the money and in failing to show the deception practiced, unless the pretense on its face is frivolous or appears incapable of inducing one to part with money.

4. **Indictment and Information—Certainty—Erroneous Allegation as to Person Injured not Material.** When an offense is charged in an information with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured is not material.

5. **Appeal and Error—Harmless Error—Error in Pleading or Procedure.** This court will not reverse a case for an error in any matter of pleading or procedure, unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right.

Appeal from District Court, Carter County; B. C. Logsdon, Judge.

D. R. Ireton was convicted of obtaining money under false pretense, and he appeals. Affirmed.

Mathers & Coakley, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J.  The record in this case discloses a state of facts about as follows: The plaintiff in error had a daughter named Hattie E. Ireton, who owned some lands in Garvin and Grady counties, and the plaintiff in error apparently conceived the idea of mortgaging this land and procuring the money paid out on the mortgage.  In the month of October, 1919, he entered into negotiations with a real estate agent named Jones at Pauls Valley to procure a loan on the said land of Hattie E. Ireton, stating to Jones that his daughter wanted to make a loan on her lands, and arranged to go to Ardmore and complete the deal.  The papers were prepared and sent to the State National Bank at Ardmore, and a day or two later the plaintiff in error went to the bank, accompanied by one Mary Doe, whom he represented to be his daughter, Hattie E. Ireton, and who, as such, executed a note and mortgage for $4,500 in the name of Hattie E. Ireton.  The papers were made payable to the Exchange Trust Company, a corporation of Tulsa.  Thereupon, at his request, the trust company at Tulsa was wired, and $1,500 of the money was at once paid on draft drawn through the Ardmore bank and placed in the bank to the credit of Hattie E. Ireton, and checked out by Mary Doe, posing as Hattie E. Ireton.  A few days later a further sum of $1,500 was paid over by the State National Bank in the same manner.  On the day of the delivery of the first $1,500, $800 was checked to the plaintiff in error and $700 to the order of "cash."  The second payment of $1,500 was handled in the same way.  During all this transaction both the plaintiff in error and Mary Doe, posing as Hattie E. Ireton, were present.  Thereafter the plain-

tiff in error was apprehended, but Mary Doe was not found, but had evidently gone where the woodbine twineth. An information was filed, but before proceeding to trial it was amended by interlineation, but continued as an information and not as an amended information. At the trial Hattie E. Ireton, the real as distinguished from the pseudo, appeared as a witness, and testified to her ownership of the land, that she was not in Ardmore at the time in question, had executed no papers, and knew nothing about the transaction. The plaintiff in error did not take the stand and offered no evidence. There is no doubt of his guilt. The contentions he raises here are purely technical.

The assignments of error may be summarized as follows: First, that the amended information is fatally defective for three reasons: (a) It fails to allege that by reason of the false pretense the person defrauded was induced to part with the money; (b) it fails to allege the ownership of the money obtained; (c) it fails to allege the relation of the pretense to the obtaining of the money. Second, that the court erred in not sustaining plaintiff in error's demurrer to the evidence. Third, error of the court in admitting incompetent evidence. Fourth, that the verdict is based on the information and not the "amended" information. We will consider the assignments in the order presented. The charging part of the information in this case is as follows:

"They, the said D. R. Ireton and Mary Doe, whose proper name is to the county attorney unknown, did then and there willfully, unlawfully, knowingly, fraudulently, and feloniously, with the fraudulent and felonious intent, then and there, to cheat and defraud State National Bank at Ardmore, Okla., falsely represent and pretend to the State National Bank, at Ardmore, Okla., a banking corporation duly organized and existing under and by virtue of the laws of the United States of America, that the right and proper name of the said Mary Doe was Hattie E. Ireton, which said false representations and pretenses were then and there false and untrue, and well known to the said D. R.

Ireton and Mary Doe to be false and untrue; but the said State National Bank then and there, believing said false representations and pretenses, and relying on them to be true, and by reason of such belief and reliance, delivered to the said D. R. Ireton and Mary Doe the sum of $3,000, good and lawful money of the United States of America, with the felonious and fraudulent intent to convert same to their own use and benefit and to deprive the true owner of the use and value thereof."

It is contended that this information does not allege that by reason of the false pretense the person defrauded was induced to part with money, citing Taylor v. Ter., 2 Okla. Cr. 1, 99 P. 628.

That case does not support the contention here made. The indictment in that case did not allege that the person defrauded relied on the representation and was thereby induced to part with money. It did not allege that he was induced by the representation to part with money, but did allege that he was induced by an inference arising from the representation that the defendant in that case was the owner of certain lots in Guthrie. The court, speaking by Doyle, Judge, says:

"It is not charged that the defendant pretended or represented himself to be 'a man of wealth and well able to pay his debts and obligations,' and it is not set forth that, by reason of the false pretenses regarding the ownership of the lots in Guthrie or property in Chandler, complainant was thereby induced to make the loan. Had the indictment omitted the allegation, 'and believing that the said John T. Taylor was a man of wealth and well able to pay his debts and obligations,' and at least alleged 'that the said W. M. Ayres was thereby induced to and did then and there loan to him,' etc., it would have been sufficient. The language of the indictment is not a direct and positive allegation. It is merely an argument or inference that the owner of a few suburban lots in Guthrie would necessarily be a man of wealth and well able to pay his debts and obligations."

This court in the later case of Fuller v. Ter., 2 Okla.

Cr. 86, 99 P. 1098, in referring to the case of Taylor v. Ter., supra, said:

"In the case of Taylor v. Territory, ante, p. 1, 99 P. 628, it was held that the indictment was fatally defective because it failed to allege that the false pretenses set forth were relied upon by the complainant, or that he was thereby induced to make the loan when so made. This defect is fully cured in the indictment now before us. It is alleged in direct language that the complainant did rely upon the false representations made by the defendant, and, believing said representations to be true, was induced to and did loan to defendant the amount of money stated in the indictment."

In the information in the instant case it will be observed that the allegation is made:

"The said D. R. Ireton did then and there * * * falsely represent, * * * which said false representations and pretenses were then and there false and untrue, and well known to the said D. R. Ireton * * * to be false and untrue, but the said State National Bank then and there, believing said false representations and pretenses and relying on them to be true, and by reason of such belief and reliance, delivered to the said D. R. Ireton * * * the sum of $3,000."

This information does not in express terms allege that by reason of the false pretense the bank was induced to part with money, but no particular form of words is necessary. Any words which express this idea or from which it can be clearly inferred are sufficient. Smith v. Com., 141 Ky. 534, 133 S. W. 228.

It appears to us that the allegation that the defrauded party then and there believed the false representations and pretenses, and relied on them to be true, and by reason of such belief and reliance delivered money to the person making the representations, is equivalent in meaning to an allegation that the defrauded party was induced by the representations to part with money. See, also, Smith v. State, 7 Okla. Cr. 136, 122 P. 732; Blanck v. State, 14 Okla. Cr. 339, 169 P. 1130; Foster v. State, 15 Okla. Cr. 216, 175 P. 944.

It is next argued that the information is defective for the reason that the ownership of the money is not alleged. The statute upon which the prosecution is based is as follows:

"Any person who, with intent to cheat or defraud designedly, by color or aid of any false token, or writing, or other false pretenses, * * * obtains from any person any money or property, is punishable, etc. * * *"

What are the elements making up the offense defined by the statute? They are: A false representation as to an existing fact with an intent to cheat or defraud another, and a reliance by another on that representation as true, and by reason of and reliance thereon parting with money or property. It is necessary that the person from whom the money or property is obtained should be alleged in order to identify the transaction and apprise the accused of what he was expected to meet and to enable him to plead in bar to a further prosecution. In this particular the pleading is analogous to a charge of receiving stolen property. In such case it would be necessary to allege from whom the stolen property was received, but it would not be necessary to allege the ownership of the stolen property, nor by whom it was stolen.

The authorities generally hold that ownership should be alleged or that facts be alleged from which ownership may be inferred. People v. Skidmore, 123 Cal. 267, 55 P. 984; Griggs v. U. S., 158 F. 572, 85 C. C. A. 596; State v. Knowlton et al., 11 Wash. 512, 39 P. 966; McClintock v. State, 98 Neb. 158, 152 N. W. 378.

Under the provisions of our statute, however, an erroneous allegation in this particular would not be fatal, where, as in this case, there is sufficient certainty in the allegation to identify the act on which the prosecution is based.

Section 2560, C. O. S. 1921, is as follows:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

Section 2564, C. O. S. 1921, reads as follows:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

And section 2822, C. O. S. 1921, is as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

It appears to us that an allegation that a false pretense is made to a person, and, believing and relying thereon, and by reason thereof, the person to whom the representation is made parts with money is a sufficient allegation as to the ownership. The mere fact that the legal ownership of the money was in some other person who might ultimately have to bear the loss would not be available to the person accused. In the instant case it certainly made no difference to the plaintiff in error whether the money paid over to him on the forged note and mortgage was the property of the First State Bank of Ardmore or of some other person. The transaction is described with sufficient certainty to identify the act, and, if the allegation as to the person injured be erroneous, it is not material, nor does it result in any miscarriage of justice.

It is argued that the information is defective, in that the relation of the pretense to the obtaining of the money is not stated; that is, that innuendo is lacking. The plaintiff in error and his codefendant, Mary Doe, might have been charged with forgery in signing the name of Hattie E. Ireton to the notes and mortgage on the land in question. After the money mentioned in the information was credited on the books of the Ardmore State Bank, it was obtained on checks signed by Mary Doe, posing as Hattie E. Ireton. The Ardmore State Bank then literally parted with its money on the false representation that Mary Doe was Hattie E. Ireton.

The gist of the offense as above stated is the making of a false pretense and obtaining from another money or property which the other was induced to give up by reliance on such false pretense. Whether or not the false pretense really operated and was the inducing cause in obtaining the money is a question for the jury, and, unless the false pretense appears frivolous on its face, the court as a matter of law could not say that it was incapable of operating to induce one to part with money or property. The question is, not whether or not a prudent person would part with his money under the circumstances, but whether or not it was capable of and did deceive and induce the person defrauded to part with money or property. The information is not fatally defective in failing to set out particularly how it was calculated to effect the obtaining. Thomas v. People, 34 N. Y. 351; State v. Solomon, 158 Wis. 146, 147 N. W. 640, 148 N. W. 1085, Ann. Cas. 1916E, 309; State v. Knowlton et al., supra; Meek v. State, 117 Ala. 116, 23 So. 155; Griggs v. United States, supra.

The plaintiff in error was not prejudiced by the failure on the part of the pleader to be more definite and specific in the charge contained in the information. We do not want to be understood as approving this information as a

model; it is far from that, but is not under the record of this case fatally defective.

It is further contended that the state failed to prove the falseness of the pretense relied on; that is, that the state did not prove that the person designated in the information as Mary Doe was not in fact named Hattie E. Ireton. Such contention is not taken seriously by this court. It was probably not in the power of the state to prove the true name of the codefendant of plaintiff in error. The information alleges her true name to be unknown. She was a fugitive from justice, and, so far as the record discloses, her name and whereabouts continued to be unknown. The only thing the state could do under these circumstances was to prove by Hattie E. Ireton, the owner of the lands in question, that she had no connection with the transaction. This was sufficient proof on this point when corroborated, as it was, by other facts and circumstances in evidence.

It is urged that the court erred in admitting evidence of the entire transaction by which the money was obtained, for the reason that the allegation in the information is merely of a false pretense as to the name. There was no prejudicial error in permitting the state to introduce proof of the entire transaction.

Lastly, it is assigned as error that the verdict returned by the jury finds the defendant guilty of false pretense as charged in the information herein, and it is contended that this is error as the trial was upon an "amended" information. The record contains no amended information, but contains what is styled an information, and has a further recital that there was an amendment by interlineation. It appears that there was no change in the style or designation of the instrument, but it continued to be referred to as an information until the filing of a motion for a new trial, where, for the first time, it is referred to as an amended information. The court in its charge throughout refers to

the information, and no exceptions are made to the use of such description. In the objections by plaintiff in error in the course of the trial the instrument is referred to as the information. It appears that the plaintiff in error was fairly tried, the issues of law fairly submitted, and that such irregularities, defects, and imperfections in the information and proceedings as appear from the record were not such as to prejudice the substantial rights of the plaintiff in error, and do not result in any miscarriage of justice, nor constitute any substantial violation of any constitutional or statutory rights of the plaintiff in error.

The case is therefore affirmed.

BESSEY, P. J., and DOYLE, J., concur.