## HENRY STARR v. STATE.

No. A-4969.    Opinion Filed April 4, 1925.
(234 Pac. 785.)

(Syllabus.)

**Intoxicating Liquors—Illegal Possession—Evidence Sufficient.** In a prosecution for illegal possession of intoxicating liquor, evidence held to sustain a conviction.

Appeal from County Court, Okfuskee County; William L. Seawell, Judge.

Henry Starr was convicted of illegal possession of intoxicating liquor, and appeals. Affirmed.

Huddleston & Stephenson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charged that in Okfuskee county, on or about the 13th day of September, 1923, Henry Starr did have and keep in his possession certain intoxicating liquor, to-wit, "one and one-half pints of whisky, with the unlawful intent to sell the same." On the trial the jury returned a verdict

finding the defendant guilty, and fixing his punishment at a fine of $100 and confinement in the county jail for 90 days. From the judgment entered upon the verdict the defendant appeals.

The errors assigned relate to rulings of the court in the admission of evidence, and question the sufficiency of the evidence to sustain a conviction. No brief in support of the assignments of error has been filed, and no appearance made on behalf of the defendant in this case.

The evidence shows that the officers in executing a search warrant found three small bottles of whisky and a jug that had contained whisky; that the defendant's place of business had the reputation of being a place where whisky was kept and sold.

As a witness in his own behalf the defendant testified that before the officers arrived he had stepped out and bought the whisky for his own use; that he had never sold any whisky; and that he did not know anything about this jug the officers found.

On cross-examination he admitted that he had entered a plea of guilty in the county court of Okfuskee county on a charge of illegal possession of intoxicating liquors.

While the defendant is not represented in this court, we have examined the record, and, finding no reversible error, the judgment of the lower court is affirmed.

BESSEY, P. J., concurs.

EDWARDS, J., absent.