# L. F. THOMAS v. STATE.

No. A-5363.   Opinion Filed April 5, 1926.
(244 Pac. 1116.)

D. W. Tracy and Arthur Leach, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Beckham county on a charge of criminal libel and sentenced to serve a term of one year in the county jail. From the record, we gather that in May, 1923, the defendant procured one Janie Duncan and her husband, W. P. Duncan, to go before a notary public, and he there dictated and had written an affidavit charging various persons with having had intercourse with said Janie Duncan without the consent of her husband. He later showed the affidavit to different persons, among them E. V. Hammond, named in the affidavit as Vonnie Hammond, and suggested to Hammond that he see the woman and stop it. The testimony of Hammond on this point is that defendant said that he had his name on the affidavit, and unless he "paid off" he would be sued. While the affidavit contains the names of 15 persons, the information charges the libel of E. V. Hammond only. Janie Duncan and W. P. Duncan were jointly charged with defendant, but before the trial the case was dismissed as to them and tried only as to defendant.

Various assignments of error are argued, several of which will be considered. It is first contended that the information is insufficient, in that the charging part of the information alleges the injured party to be V. E. Hammond. While the proof is Bonnie or Vonnie Hammond, E. V. Hammond testified that a great many people called him Vonnie or Bonnie Hammond, and that he was complaining witness. Under the provisions of section 2560, Comp. Stat. 1921, this failure to more definitely describe the person in-

tended to be injured is not a fatal variance. Section 2560, Comp. Stat. 1921; Wells v. Ter., 1 Okla. Cr. 469, 98 P. 483; Ireton v. State, 29 Okla. Cr. 266, 233 P. 771; Leyerle v. State, 31 Okla. Cr. 179, 237 P. 871.

It is next argued that the information is insufficient in using the words "malicious" intercourse. The word "malicious" as used in the affidavit which is the basis of the charge of libel is evidently a misuse of the term, and it adds no particular meaning to the charge of intercourse, and may be stricken therefrom or treated as surplusage and the affidavit still be libelous. The affidavit pleaded, stating that various persons had intercourse with Janie Duncan without the consent of her husband at divers places, as "in a certain room at a hotel," or "in his office," "in the rear of meat market," "in the shinnery patch," construed in the natural sense and meaning of the words employed could not be understood other than as a charge of adultery and is libelous per se.

Next it is urged that there was error in admitting a purported copy of this affidavit. It was made to appear that the original was not in the possession of the state, nor of any of the witnesses for the state. The notary public who typed it testified that the copy was in substance the same as the original. Other witnesses who had seen the original were unable to state whether or not the purported copy was substantially correct. The evidence appeared to be as definite as could be had under the circumstances. The defendant testified at length and did not deny that the copy introduced was substantially correct, but stated that he did not know what the difference was.

It is then contended that the court erred in unduly limiting the cross-examination of the prosecuting witness Hammond. The witness Hammond was asked on cross-examination if he had not stated in some conversation that he was guilty of the offense named in the affidavit. On ob-

jection this was excluded. This was error. The witness having testified in chief that he was not guilty of the charge, it was proper to show on cross-examination that he had made a different statement out of court. Jones on Evidence, par. 845; Underhill on Criminal Evidence, 293; Morris v. State, 30 Okla. Cr. 38, 236 P. 443; Hartwell v. State, 15 Okla. Cr. 416, 177 P. 383.

The defendant next contends that the truth is a complete defense. Section 22, art. 2, Oklahoma Constitution, is in part as follows:

"* * * In all criminal prosecutions for libel, the truth of the matter alleged to be libelous may be given in evidence to the jury, and if it shall appear to the jury that the matter charged as libelous be true, and was written or published with good motives and for justifiable ends, the party shall be acquitted."

Section 1803, Comp. Stat. 1921, reads:

"In all criminal prosecutions or indictments for libel, the truth thereof may be given in evidence to the jury, and if it be made to appear by the defendant that the matter charged as libelous was true, and in addition thereto was published with good motives, and for justifiable ends, or was a privileged communication, the defendant shall be acquitted."

It is apparent upon a casual inspection of the Constitution and the statute above quoted that the truth is not a complete defense to a criminal libel, but, in order for the truth to be a defense, it must be made to appear to the jury that the libelous matter was written or published with good motives and with justifiable ends, or was a privileged communication. At common law, in a prosecution for criminal libel, evidence that the libelous matter was true was not admissible, and there prevails the maxim quoted by the poet, Tom Moore, in one of his satirical poems:

"For oh, 'twas nuts to the father of lies,

(As this wily fiend is named in the Bible.)

To find it settled by laws so wise,

That the greater the truth the worse the libel."

The rule of the English common law was, in 1843, modified by Lord Campbell's Act, in effect much the same rule as now prevailing in this country, except that here the rule has been relaxed. Newell on Slander and Libel (3'd Ed.) § 960; 17 R. C. L. § 229; 37 C. J. p. 142, §646.

Also it is argued that the demand made on the defendant that he produce the original affidavit was a violation of his constitutional right. Upon this point the following appears:

"* * * By Mr. Gipson: Comes now the state and demands of the defendant herein, L. F. Thomas, the original affidavit, a copy of which has been introduced in evidence in this case.

"By Mr. Tracy: The defendant excepts to the demand of the state. That would be in open violation of the Constitution of this state.

"By the Court: Objection of defendant sustained."

Such a demand in the presence of the jury is erroneous. Gillespie v. State, 5 Okla. Cr. 547, 115 P. 620, 35 L. R. A. (N. S.) 1171, Ann. Cas. 1912D, 259; Crump v. State, 7 Okla. Cr. 536, 124 P. 632.

Section 21, art. 2, of the Constitution of Oklahoma, provides:

"No person shall be compelled to give evidence which will tend to incriminate him except as in this Constitution specifically provided."

To demand of a defendant or his counsel in the presence of the jury to produce evidence is error. Here, however, a purported copy of the affidavit demanded was already in evidence, and, since later defendant took the stand

and testified that it was substantially a copy, the error is not reversible. In Bain v. United States (C. C. A.) 262 F. 667, a case very similar upon the facts, it was said:

"Later in the trial, and as part of his defense, Bain produced all that he had of these same checks and drafts, and offered them in evidence; and while, under many circumstances, such a production and offering could not be called voluntary, after what had occurred, yet we have no substantial doubt that he would have produced and offered them just the same, if the objectionable demand had never been made. * * *"

Nor was the error properly preserved. In the motion for a new trial this demand was not assigned as error either directly, indirectly, or by inference. In the Crump Case, supra, the failure of counsel to incorporate a claimed error of law is held to be a waiver.

"We still adhere to the views expressed in the Gillespie Case, and if counsel for appellants had objected to this demand at the time it was made and had incorporated this matter in their motion for a new trial, so as to give the trial court an opportunity to correct the error, we would feel compelled to set aside this verdict and grant appellants a new trial. But the record shows that counsel for appellants did not complain to the trial court or preserve this question in the record for presentation to this court. * * *"

In the case of Ledgerwood v. State, 6 Okla. Cr. 105, 116 P. 202, it was also held:

"But, in order to bring before us on appeal errors of law alleged to have occurred during the trial, they must be incorporated in the motion for a new trial, and thereby submitted to the determination of the trial court, and the action of the trial court thereon excepted to and then brought before us by proper assignments in the petition in error."

For failure to incorporate this assignment of error in the motion for a new trial and petition in error, the same has been waived.

Misconduct of special counsel, E. H. Gipson, is also assigned as error. An examination of the record shows that in the closing argument he said:

"Judge Tracy knows that, after Janie Duncan made the affidavit in this case, she made another affidavit in which she said that the statements made in the original affidavit were false; that none of the men mentioned in said affidavit had had sexual intercourse with her; and that she had been induced by the defendant, L. F. Thomas, to make the original affidavit."

Objection to such statement as outside the record was made and sustained, and, immediately following, Mr. Gipson said:

"He (referring to counsel for the defendant), in view of his knowledge of this last affidavit in arguing that the matters stated in the original affidavit are true, brands himself as utterly unworthy of confidence, and you should never have any confidence in him again."

Which statement was also excepted to. These statements of counsel are entirely outside the record. Mrs. Duncan had refused to testify. The only affidavit by her mentioned in the evidence is the one upon which the charge of libel was predicated. No other statement by her had been proven or referred to. Such statement was highly prejudicial, creating in the minds of the jury the impression that counsel for defendant were not acting in good faith, and that he had argued to them the truth of a matter which he knew to be false. It tends also to prejudice them against defendant, and to add to their idea of his culpability. This court has adopted a liberal rule in the matter of the argument of counsel, but, where pertinent facts are stated by counsel which are calculated to prejudice a jury where they are not borne out by the evidence, they may be sufficient to reverse a judgment. O'Barr v. United States, 3 Okla. Cr. 319, 105 P. 988, 139 Am. St. Rep. 959. See, also, Morris v. State, 9 Okla. Cr. 241, 131 P.

731; Mulkey v. State, 5 Okla. Cr. 76, 113 P. 533.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.