## CLYDE RENIFF v. STATE.

No. A-8383.   July 22, 1932.
(13 Pac. [2d] 592.)

Mathers & Mathers and Owen F. Renegar, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., (Gus Rinehart, of counsel), for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of forgery in the second degree, and was sentenced to serve a term of seven years in the state penitentiary.

Defendant was properly charged by information with passing a forged check.   The record discloses that at the

time charged defendant negotiated a forged check to the Lawton Tire Shop for an inner tube and money. The information charges it was negotiated with the Lawton Tire Company. It is argued the proof is insufficient, since it shows the check was delivered to the Lawton Tire Shop and not the Lawton Tire Company. The information pleads the check in full. Defendant could not have been misled as to the particular transaction. Section 2560, Comp. St. 1921, is:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

This court has uniformly held that a variance such as shown by the testimony here is not material. Wells v. Territory, 1 Okla. Cr. 469, 98 Pac. 483; Gunter v. State, 16 Okla. Cr. 476, 184 Pac. 797; Ireton v. State, 29 Okla. Cr. 266, 233 Pac. 771; Leyerle v. State, 31 Okla. Cr. 179, 237 Pac. 871; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665; Garner v. State, 51 Okla. Cr. 368, 1 Pac. (2d) 787.

It is also argued that the court erred in admitting testimony of other offenses. There was testimony that defendant at about the same time under similar circumstances passed several other forged checks in the same manner as the check, and for approximately the same amount in this case. This was admitted under the well-settled rule that proof of other offenses of similar character, and near in point of time, is relevant and admissible to show a system of criminal action and the knowledge and intent of the accused and to show the act charged was not an inadvertence. The testimony was clearly competent. State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807;

450

Harrell v. State, 43 Okla. Cr. 278, 278 Pac. 404; Carmichael v. State, 44 Okla. Cr. 160, 279 Pac. 515.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.