Sam Wenfield BAKER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17790.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1972.

**584**

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Sam Wenfield Baker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Operating a Motor Vehicle Under the Influence of Intoxicating Liquor, After Former Conviction of the same offense. His punishment was fixed at three (3) years' imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Taylor testified that on December 6, 1971 he was employed as a patrolman with the Del City Police Department. He investigated an accident at S. E. 29th and Vickie Drive in Del City. The defendant was sitting at the wheel of a 1963 Oldsmobile which had struck the rear of a car causing that car to strike the rear of a second car ahead. The car keys were in the ignition of the Oldsmobile. Defendant was bleeding from the lip and the steering wheel was cracked or broken. Ruth Vandeburg, a passenger in the Oldsmobile, had a cut on the side of her face. He assisted the defendant out of the vehicle. The defendant's clothing was disarranged, there was a strong odor of alcohol about his person, and he could not control his balance to walk. The defendant was taken to a hospital and, after being treated for the cut on his lip, was advised of his rights to chemical tests. Defendant consented to a blood test which was then administered. Officer Taylor testified further that he subsequently mailed the blood sample to the State Crime Bureau Laboratory. In his opinion, the defendant was "heavily intoxicated". (Tr. 10)

Sergeant Charles Day of the Del City Police Department testified that he assisted in the accident investigation. In his opinion, both the defendant and the passenger were under the influence of intoxicating beverages. On the day in question, he proceeded to the hospital and advised the defendant of his right to chemical tests. The defendant consented to a blood test which was administered by a nurse at the hospital.

It was stipulated that if William J. Caveny were present, he would testify that he was a chemist employed by the State Bureau of Investigation; that he tested the blood sample from the defendant; and that, in his opinion, the alcoholic content of the blood in the vial was .27% of weight.

The defendant did not testify nor was any evidence offered in his behalf.

Trooper Foltz testified as to the defendant's previous conviction.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court.

The judgment and sentence is affirmed.

BRETT, J., concurs.