**Flavis TODD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17960.**

Court of Criminal Appeals of Oklahoma.

May 24, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Flavis Todd, hereinafter referred to as defendant, was charged, tried

and convicted in the District Court of Oklahoma County, Case No. CRF-71-2830, for the offense of Forgery in the Second Degree, his punishment was fixed at seven (7) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Larry Canady testified that on November 4, 1971, he was manager of Mr. Buck's, Inc., a clothing store; that at approximately 4:30 p. m. the defendant presented a check in the amount of one hundred eighty-nine dollars and seventy cents ($189.70) for a down payment on a layaway. The deposit on the layaway was twenty-two dollars ($22.00) and the defendant received the balance of the check in cash. The check was drawn on the National Bank of Tulsa and Canady identified it as State's Exhibit 1. Defendant produced a driver's license identifying him as Nelson Edward Caldwell, the payee of the check. Canady called the Tulsa bank and instructed an employee of the store to follow the defendant to get the license number of his car.

E. B. Sarten testified that he was treasurer of Williams Brothers Company of Tulsa. He testified that the account number on Exhibit 1 was not an authentic account number of Williams Brothers Company and the signatures on Exhibit 1 were not of persons authorized to sign Williams Brothers Company checks.

Joan Halfbreed testified that she was assistant cashier of the National Bank of Tulsa in charge of the bookkeeping department; that the signatures on Exhibit 1 were not authorized by Williams Brothers Company and if the check had been presented for payment, the bank would not have paid it.

Officer Snipes testified that he interrogated defendant cn November 25, 1971, after first advising him of his *Miranda* rights. Defendant stated that he printed the check and chose the Williams Brothers Company because it was a big company. He stated that he used the check to make a layaway deposit and took the rest in cash.

Officer Ray Clark testified that he went to Mr. Buck's clothing store at approximately 4:45 p. m. He obtained a description of the suspect and of his car; that at approximately 11:00 p. m. he arrested the defendant in a vehicle matching the description. The defendant was placed in the back seat of the police unit and transported to the station. He found a driver's license in the name of Nelson Edward Caldwell and a check identical to State's Exhibit 1 under the seat where the defendant had been seated.

Detective Englbertson testified that he interrogated the defendant at the police station. After being advised of his constitutional rights, the defendant stated that he had printed the check and found the driver's license that he used for identification.

Defendant did not testify nor were any witnesses called in his behalf. Defendant introduced without objection a copy of a report from a handwriting expert at the Oklahoma State Bureau of Investigation which stated that "we are unable to identify any of the handwriting on the face or back of the above listed check with the specimen of handwriting signed Flavis Todd."

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts.

The final proposition contends that the punishment is excessive. The question of excessiveness of punishment must be determined by all the facts and circumstances in each case and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and

circumstances the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. We cannot conscientiously say that the sentence imposed in the instant case shocks the conscience of this Court. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.

BRETT, Judge (concurring):

I concur, but believe the sentence is excessive and should be modified. This was defendant's first conviction and as I view the facts, the maximum sentence is not warranted.

Don Anderson, Public Defender, Oklahoma County, for appellant.

