Chester L. GOZA, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–613.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1974.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Patrick Kernan, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Chester L. Goza, hereinafter referred to as defendant, was charged, tried before a jury in a two stage proceeding and convicted in the District Court of Bryan County, Case No. CRF–74–8, for the crime of Operating a Motor Vehicle While under the Influence of Intoxicating Liquor, Second and Subsequent Offense. Punishment was assessed at one (1) year in the State Penitentiary and a fine of Two Hundred Dollars ($200.00). From a judgment and sentence in conformance with said verdict the defendant has perfected his timely appeal.

The evidence adduced at trial is essentially as follows: Lawrence Bannowsky testified that on January 20, 1974, he was a police officer for the City of Durant, and that at approximately 8:00 P.M. on that date he observed the defendant driving a vehicle with no headlights in an easterly direction on West Alabama Street in Durant, Oklahoma. Officer Bannowsky related that he proceeded to stop the vehicle to advise the driver that the car headlights were not on. After watching the defendant get out of his vehicle, Officer Bannowsky noticed that the defendant was awkward and slow in movement, that he had an aroma of alcoholic beverage about him, that his speech was slurred, and that he had trouble maintaining his balance when he tried to walk. Bannowsky then informed the defendant of the reason for his being stopped, read the defendant his constitutional rights and his right with regard to taking a breathalyzer test. The defendant then stated that he would take the breathalyzer test. After giving the defendant two manual dexterity tests, Officer Bannowsky concluded that the defendant was under the influence of alcohol and transported the defendant to the Sheriff's Office.

The State's next witness was Oklahoma Highway Patrol Trooper Bill Johnson who related that on January 20, 1974, he had the occasion to give the defendant a breath analysis test. He related that the test results showed the defendant to have a blood alcohol content of nineteen percent (19%). He further testified that judging

from the defendant's physical appearance, he appeared to be intoxicated. The State then rested with reference to the first stage of the proceeding.

The defendant then testified in his own behalf and related that on the night in question he was in a pickup going east on "that street", but that he had not been drinking at all. He further stated that he passed the dexterity tests and that when Officer Johnson came in he said "Who's gonna take the test? I don't see anybody drunk."

On rebuttal Officer Johnson stated that when he arrived at the Sheriff's Office to give the breathalyzer test, he asked Bannowsky, "which one is to be tested" since he didn't know who had been driving.

 Defendant's first proposition urges that 47 O.S.1971, § 11–902 is unconstitutional in that the provision therein fixing the maximum punishment at five (5) years and a One Thousand Dollar ($1,000) fine constitutes cruel and unusual punishment in violation of the Oklahoma Constitution. With this contention we do not agree. The punishment assessed was well within the limitations provided by said statute. Generally, a sentence imposed within the limitations provided in a statute does not constitute "cruel and unusual punishment" as contemplated by either the United States or Oklahoma Constitution. Skinner v. Page, Okl.Cr., 450 P.2d 222.

In the instant case defendant has alleged no facts which would justify in finding that he was denied any of his constitutional rights nor does it appear that the punishment assessed was excessive. Suffice it to say that the punishment imposed is well within the range provided by law and does not shock the conscience of the Court. Baker v. State, Okl.Cr., 503 P.2d 583.

The defendant's second proposition in error contends that the State failed to prove all essential elements of the crime. Again, we disagree. A thorough reading of the transcript reflects that the State proved a prima facie case of the crime charged. Defendant's second proposition is therefore without merit.

Although defendant submits a third proposition in error, he fails to support same by both argument and citations of authority. This Court has held on many occasions that it is necessary for counsel for defendant not only to assert error, but also to support his contentions with both argument and citations of authority. If that is not done and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search books for authorities to support mere assertions that the trial court erred. McGee v. State, Okl.Cr., 402 P.2d 921 and Sandefur v. State, Okl.Cr., 461 P.2d 954.

Therefore, after reviewing the record we find that the evidence supports the verdict of the jury and that the record is free of any error which would justify reversal or modification. The judgment and sentence appealed from is, accordingly, affirmed.

BRETT and BUSSEY, JJ., concur.