Maurine **WILKERSON,** Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–731.

Court of Criminal Appeals of Oklahoma.

April 21, 1976.

Al G. Nicholas, Raymond Criswell, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge.

The appellant, Maurine Wilkerson, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Seminole County, State of Oklahoma, Case No. CR–75–34, of the crime of Forgery in the Second Degree. Punishment was assessed at a term of seven (7) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict the defendant has perfected her timely appeal.

The record reveals that defense counsel, after both sides announced ready, conceded in open court that the defendant had committed the offense as charged and asked that the jury hear only evidence that would aid them in assessing punishment. The defendant then testified in her own behalf stating that she was thirty years of age, the mother of a ten year old girl and the wife of a husband who was completely disabled due to a bad heart and crooked spine. She further testified that her husband's sole source of income was Social Security in the amount of $219.00 per month and that she supplemented the family income by working as a dishwasher and cook at a wage of $1.00 per hour. She admitted she had written the check as charged and testified that she intended to continue working to pay off not only the check in question but others she had passed without sufficient funds.

On cross-examination the defendant testified that she had signed the check in question as Mrs. Bruce Cook and further stated that she had written and received the proceeds of at least twenty-four (24) other bogus checks. She further stated that she was not on any type of sentence at the present time and felt no sympathy for the people who took the checks. On redirect examination she stated that she felt badly for passing the bad checks and wanted to pay them off and lead a better life.

On rebuttal the State called a Deputy Court Clerk for Seminole County who testified from records in her possession that the defendant pled guilty to a prior bogus check charge.

■ The defendant in her brief contends that the check in issue was never introduced into evidence and that, therefore, there is no evidence to sustain the verdict. In the instant case, such a contention is without merit. The defendant, upon the advice of her counsel, admitted that she had committed the crime charged. The defendant further cites no authority to support her assertion of error. This Court had held on numerous occasions that when an accused fails to support his assertions of error by both argument and citations of authority, and it is apparent that the defendant has not been deprived of any fundamental rights, the Court of Criminal Appeals will not search the books for authority to support mere assertions of error. *Goza v. State*, Okl.Cr., 529 P.2d 996. It is apparent from the record that the defendant has not been deprived of any fundamental right. Her experienced defense counsel gambled that the jury would be lenient with her and is not now satisfied with the result of their deliberation.

■ The defendant further contends that the trial court committed error by permitting the prosecutor to cross-examine the defendant with reference to numerous oth-

er bogus checks which she passed in the community. Again, we disagree. The issue was first raised by the testimony of the defendant when she stated that she was in the process of paying off other bogus checks which she had written. Defense counsel even went so far as to suggest that she tell the jury about all her bogus checks so that the jury would know all the truth. In *Reniff v. State*, 53 Okl.Cr. 448, 13 P.2d 592, this Court in a similar case held as follows, to-wit:

> "It is also argued that the court erred in admitting testimony of other offenses. There was testimony that defendant at about the same time under similar circumstances passed several other forged checks in the same manner as the check, and for approximately the same amount in this case. This was admitted under the well-settled rule that proof of other offenses of similar character, and near in point of time, is relevant and admissible to show a system of criminal action and the knowledge and intent of the accused and to show the act charged was not an inadvertence. The testimony was clearly competent."

See also *Beach v. State*, 28 Okl.Cr. 348, 230 P. 758.

The defendant further urges that the punishment assessed was excessive. However, in *Todd v. State*, Okl.Cr., 510 P.2d 996, this Court upheld a seven (7) year sentence for second degree forgery holding that such a sentence did not shock the conscience of the Court. The same is certainly true in the instant case.

From a reading of the entire record it is our opinion that the defendant received a fair and impartial trial before a jury. No substantial right of the defendant was prejudiced and the judgment and sentence appealed from should be and the same is hereby *AFFIRMED*.

BUSSEY, J. concurs; BRETT, P. J. Special Concurrence (Below).

BRETT, Presiding Judge (special concurrence).

Under the facts and circumstances of this particular conviction, defense counsel should apply for a suspended sentence under the provisions of 22 O.S.1971, § 994. It seems from the facts reflected that the defendant was pressed by circumstances to meet the daily needs of the family. She testified that it was her intent to cause restitution with reference to all the checks she had written. If such be the case, the effects of the law will not be lessened if she is allowed that opportunity. In the event she does not meet the expectations of the trial court, the suspended sentence may be revoked thus fulfilling the limits of the sentence imposed.